UNITED STATES of America,
Plaintiff–Appellee,

v.

Martel ALVAREZ–CHAVEZ,
Defendant–Appellant.

No. 02–15309.

D.C. Nos. CV–96–02841–RGS,
CR–92–00113–RGS.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable
for decision without oral argument, and de-
nies Belfield's request for oral argument. *See*
Fed. R.App. P. 34(a)(2).

Submitted Dec. 2, 2002.*

Decided Dec. 10, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Martel Alvarez–Chavez appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion challenging his jury-trial conviction for conspiracy to distribute and to possess with the intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see United States v. Christakis,* 238 F.3d 1164, 1168 (9th Cir.2001), and we affirm.

Alvarez–Chavez contends that his trial counsel was ineffective for failing to obtain notes or reports concerning the original debriefing of a key government witness, and for failing to impeach the witness with this information. Alvarez–Chavez has failed to prove that there is a reasonable probability that the result of the trial would have been different if counsel had cross-examined the witness on the alleged inconsistencies. The district court therefore properly denied this claim. *See Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating that the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Alvarez–Chavez next contends that counsel was ineffective for failing to obtain and introduce into evidence his financial records that would have established that the cash deposited into his bank account derived from legitimate sources rather than from the sale of cocaine. However, the district court properly denied this claim because Alvarez–Chavez has again failed to show that there is a reasonable probability that if counsel had introduced the documents, the result of the proceeding would have been different. *See id.*

Alvarez–Chavez further contends that his appellate counsel was ineffective for failing to raise a claim pursuant to *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). To the extent that this claim was properly raised in this proceeding, it fails because Alvarez–Chavez has not proven that the government withheld any material, exculpatory evidence. *See Phillips v. Woodford,* 267 F.3d 966, 987 (9th Cir.2001) (rejecting petitioner's claim that the government committed a *Brady* violation where petitioner failed to prove that a report existed or that it would have contained exculpatory evidence). Because Alvarez–Chavez has not proven a *Brady* violation, his ineffective assistance of counsel claim also fails. *See Strickland* 466 U.S. at 687, 104 S.Ct. 2052 (concluding that a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense).

Alvarez–Chavez's claim based on the rule announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by our decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 671 (9th Cir.2002)

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(holding that *Apprendi* does not apply retroactively on collateral review), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

